UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERRY L. THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>DARREN YOUNG, WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; STANWICK, WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; NICHOLAS ANDERSON, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; DIPMANSEN, UNIT-MANAGER, INDIVIDUAL AND OFFICIAL CAPACITY; LABRIE, UNIT COORDINATOR, INDIVIDUAL AND OFFICIAL CAPACITY; RILEY DEGROOT, CASE MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; MELISSA MARTURAN, ADMINISTRATIVE REMEDY, INDIVIDUAL AND OFFICIAL CAPACITY; JENIFER DRIESKI, HEAD - WARDEN DEPUTY; INDIVIDUAL AND OFFICIAL CAPACITY; WARDEN ARTHUR ALLCOCK, WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; TIMMERMAN, UNIT-COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; AND DONCLUN, UNIT COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 4:18-CV-04026-KES<br><br><br>ORDER DISMISSING CASE |

Plaintiff, Terry L. Thompson, was an inmate at the South Dakota State Penitentiary in Sioux Falls. He filed a pro se civil rights complaint under U.S.C. § 1983. Docket 1. The court granted Thompson leave to proceed in forma pauperis and Thompson paid his initial partial filing fee. Dockets 6, 22. The court has now screened Thompson's amended complaint (Docket 24) under 28 U.S.C. § 1915A. For the following reasons, the court dismisses Thompson's amended complaint.

**FACTUAL BACKGROUND**

Thompson claims defendants disciplined him in retaliation for his previous lawsuit, *Thompson v. Klimek*, No. 4:16-CV-04071-KES, 2017 WL 4325789 (D.S.D. Sept. 28, 2017). Docket 24. Thompson's claims stem from an incident on January 14, 2018 at the South Dakota State Penitentiary (SDSP). *Id.* at 4.

Thompson had signed up to call his sister at 9:00 a.m. on January 14, 2018. *Id.* At 8:30 a.m., Thompson's cell door opened. *Id.* Thompson tried to call his sister, but she did not answer. *Id.* Thompson then approached Correctional Officer Nicholas Anderson to check the phone list because Thompson wanted to try to call his sister again at 9:00 a.m. *Id.* Anderson ordered Thompson to return to his cell and Thompson complied. *Id.*

Sometime later Thompson's cell door opened again, and he went to talk to Anderson. *Id.* When Thompson attempted to talk to Anderson, Anderson ordered Thompson to return to his cell. *Id.* On his way back to his cell, Thompson was upset and swore at Anderson. *Id.*

Thirty minutes later, two officers went to Thompson's cell, cuffed him, and took him downstairs to speak to a higher-ranking officer. *Id.* The higher-ranking officer served Thompson with a L-7 write-up. *Id.* at 5. According to the South Dakota Department of Corrections Inmate Living Guide, an L-7 is the offense of "insolence—any conduct, acts, or gestures, verbal or non-verbal, showing disrespect toward any non-inmate or in reference to any non-inmate." South Dakota Department of Corrections, *Inmate Living Guide*, 18 (Nov. 2018) https://doc.sd.gov/documents/InmateLivingGuideNovember2018.pdf. Thompson claims he was not allowed to provide his account of events. Docket 24 at 5.

Once outside the higher-ranking officer's office, Thompson told Anderson to "man up a few times" and attempted to "see what his problems were." *Id.* Thompson claims Anderson was touching him and jerking him back and forth. *Id.* Thompson was upset and asked Anderson not to touch him. *Id.* Anderson continued to touch Thompson and Thompson grew more upset. Thompson repeatedly swore at Anderson and then "jerked away" from Anderson. *Id.*

Correctional officers then pushed Thompson against a glass window in front of the kitchen. *Id.* Thompson grew more upset, continued to swear at the correctional officers, and felt like he was being choked. *Id.* at 6.

Once Thompson calmed down, the correctional officers escorted Thompson to the nurse's station to evaluate Thompson. *Id.* Thompson claims a correctional officer "grabbed" his butt. *Id.* Thompson again became upset and his "anger shot up sky high." *Id.* Correctional officers executed a take down on

Thompson and "hogg tied" his legs and arms. *Id.* Thompson was transferred to the SHU and received an H-4 write-up. *Id.* at 7. According to the South Dakota Department of Corrections Inmate Living Guide, an H-4 is the offense of "assault on staff without serious injury." South Dakota Department of Corrections, *Inmate Living Guide*, 17.

Thompson pleaded guilty to both write-ups. Docket 24 at 8. Thompson later spoke with Wardens Darren Young, Troy Ponto, Jenifer Drieske, and Arthur Allcock about dropping the write-ups, but nothing was done. *Id.*

**LEGAL STANDARD**

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

4

(2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *see also Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

"A prisoner's Eighth Amendment rights are violated if prison officials 'impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right.'" *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (quoting *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993)). To establish a prima facie case of retaliatory discipline, a plaintiff must show that "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009) (internal quotation omitted). "The plaintiff-inmate has a heavy evidentiary burden." *Meuir*, 487 F.3d at 1119 (citing *Murphy v. Mo. Dep't of Corr.*, 769 F.2d 502, 503 n.1 (8th Cir. 1985)). "Merely alleging that an act was retaliatory is insufficient." *Id.* (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985)).

"[I]f the alleged retaliatory conduct violations were issued for the actual violation of a prison rule," a plaintiff's retaliation claim fails. *Hartsfield v.*

5

*Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). "To establish the third element of the prima facie case for retaliatory discipline, that exercising the protected right motivated the discipline, an inmate must show that but for a retaliatory motive the prison official would not have filed the disciplinary report." *Haynes*, 588 F.3d at 1156.

Here, Thompson cannot show that, but for a retaliatory motive, defendants would not have disciplined Thompson. Thompson's pleadings show that Thompson actually violated prison rules L-7 and H-4. First, Thompson pleaded guilty to both disciplinary write-ups. *See* Docket 24 at 8. Second, Thompson's pleadings further show he violated prison rules L-7 and H-4. Thompson repeatedly swore at correctional officers. *Id.* at 4-8. Thompson jerked away from staff and was uncooperative during an escort. *Id.* at 5. Thompson's retaliatory discipline claim fails because he fails to show retaliatory motive. As such, Thompson fails to state a claim upon which relief may be granted. Thus, it is

ORDERED that Thompson fails to state a claim upon which relief may be granted against defendants and his complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

DATED May 8, 2019.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6